IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. PARKER Sr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | No. 23-2473-JWL |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff, appearing pro se, filed his complaint in this matter on October 23, 2023. (Doc. 1).  The substance of Plaintiff's complaint is identical to his complaint in two earlier cases filed in the District of Kansas:  Parker v. Comm'r of SSA, Civ. A No. 20-2043-SAC (slip op.) (seeking to change the onset date of disability in a Partially Favorable Decision of the Commissioner dated January 23, 2020, from January 10, 2020, to October 11, 2017) (hereinafter Civ. A No. 20-2043-SAC); Parker v. Kijakazi, Civ. A. No. 22-2133-HLT (slip op.) (Seeking to establish error in the onset date of January 20, 2020 [sic] established by the Commissioner) (hereinafter Civ. A. No. 22-2133-HLT). Each case was dismissed by the district court for lack of jurisdiction, the dismissal was affirmed by the Tenth Circuit Court of Appeals, and the United States Supreme Court denied certiorari.  No. 20-2043-SAC (Doc. 21, 38, 42); No. 22-2133-HLT (Doc. 15, 32,

33); see also, Parker v. Comm'r, 845 F. App'x 786 (10th Cir. 2021); Parker v. Comm'r, 2023 WL 3300902 (10th Cir. May 8, 2023); Parker v. Kijakazi, 142 S.Ct. 909, 2022 WL 199513 (U.S. Jan. 24, 2022; Parker v. Kijakazi, 2023 WL 6378246 (U.S. Oct. 2, 2023).

On October 25, 2023, this court issued Plaintiff an Order to Show Cause why this case should not be dismissed for lack of jurisdiction, and if not, to demonstrate what has changed factually or legally since January 2020 that would now justify this court having jurisdiction. (Doc. 6). On the same day Plaintiff filed a Brief in Support of his Complaint. (Doc. 7) (hereinafter Brief). On October 30, 2023 Mr. Parker responded to the Order to Show Cause with a Response and apparently a request to amend his Brief. (Doc. 8) (hereinafter Response). Plaintiff filed a Supplement to his other filings on November 1, 2023 providing additional information on his cases before the Commissioner. (Doc. 10) (Supplement).

Plaintiff's Brief requested review of the onset date of disability established in the partially favorable decision dated January 23, 2023.[1] (Brief 2). In his Brief, Plaintiff provides a partial history of his claim before the Commissioner of Social Security beginning with a remand from the Tenth Circuit in September 2014, and a new application on December 11, 2017, through the date of the partially favorable decision,

---

[1] Plaintiff's Brief stated the onset date established in that decision was January 20, 2020. (Brief, 2, 6). However, that decision found an onset date of January 10, 2020 when Plaintiff's age entered the category of an individual closely approaching advanced age. Civ. A. No. 20-2043-SAC, Doc. 19, Attach. 1, p.174 (Ex. 19, finding no.6, p.8 of 10); No. 22-2133-HLT, Mot. to Dismiss, Doc. 8, Attach. 1, pp. 175; see also, (Brief, 3).

January 23, 2020.  Id. 2-3.  He argues the Commissioner and the ALJ erred by reweighing the evidence after the Tenth Circuit remand and that he "felt intimidated with growing exhaustion [and] filed a[] civil action with the United States District Court." (Brief 5).  Plaintiff argued the correct onset date should have been December 2017 or January 2018.  Id., at 7.  In his Response to the Order to Show Cause and request to amend his Brief Plaintiff makes many of the same arguments.  Plaintiff provides a history of the denial of his disability claims before the Commissioner beginning in August 2008 through the filing of his appeal with the district court on January 29, 2020.  (Response, 2-7); see also, Civ. A No. 20-2043-SAC.  In his Supplement Plaintiff asserts he was disabled when the Tenth Circuit reversed the Commissioner's decision in an earlier claim in September 2014 and should therefore be found disabled January 5, 2011.  (Supplement 3-4).

      Plaintiff also provides a relatively thorough explanation of the court's jurisdiction and standard of review in a Social Security case in his Response to the Order to Show Cause.  Id.. 7-10.  Plaintiff requests correction of the erroneous onset date in the partially favorable decision.[2]  The court has considered all of Plaintiff's submissions in reaching its decision in this case.

---

[2] Plaintiff requested the onset date be corrected to December, 2017 or January, 2018 in both his Complaint (Doc.1, p.3) and his Brief (Brief, .7), but that it be corrected to September, 2014 in his Response to the Order to Show Cause (Response, 6-7) and to January, 2011 in his Supplement.  (Supplement 3-4).  Because the court finds it is without jurisdiction to review the partially favorable decision dated January 23, 2020, the court need not decide which date Plaintiff contends should be the correct date.

As Plaintiff's response suggests, the sole jurisdictional basis in a Social Security case is the Social Security Act (the Act). Weinberger v. Salfi, 422 U.S. 749, 756-64 (1975). 42 U.S.C. § 1383(c)(3) of the Act provides that a final determination of the Commissioner of Social Security regarding supplemental security income "shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations" of Social Security disability insurance. 42 U.S.C. § 405(g) provides that the district court may only review "final decision[s] of the Commissioner of Social Security made after a hearing." The Act does not define "final decision" thereby leaving the Social Security Administration to do so through regulations. Sims v. Apfel, 530 U.S. 103, 106 (2000). It has done so, providing that a final decision has been made when the claimant completes four steps before the Social Security Administration: (1) initial determination, (2) reconsideration, (3) a hearing before an ALJ, and (4) a request for review by the Appeals Council. 20 C.F.R. § 416.1400(a). The claimant who fails to take any one of those steps within the time prescribed "lose[s] [his] right to further administrative review and [his] right to judicial review." Id. § 416.1400(b). There are two exceptions to this requirement; a showing of good cause for not making a timely request for review, id., and when the claimant is making a claim of Constitutional error by the agency. Weinberger v. Salfi, 422 U.S. 749, 767 (1975); Mathews v. Eldridge, 424 U.S. 319, 328-30 (1976). Plaintiff has not shown good cause for the failure to make a timely request for review to the Appeals Council—indeed, he filed the first of the cases noted above within the time for filing a request for

4

review with the Appeals Council.  Neither has he made a claim of Constitutional error in the partially favorable decision.

By Plaintiff's own account, he has met only three of the four required steps to achieve a final decision on his December 11, 2017, application for Supplemental Security Income benefits.  According to Plaintiff's Response to the Order to Show Cause, his application received an initial determination on April 3, 2018, and reconsideration on October 4, 2018.  (Response, 5-6), see also, Civ. A No. 20-2043-SAC, Doc. 19, Attach. 1, pp.146-63.  On November 19, 2019, Plaintiff received a hearing before ALJ Burrichter, who issued a partially favorable decision dated January 23, 2020.  Civ. A No. 20-2043-SAC, Doc. 19, Attach. 1, pp.164-81.  "The Notice of Decision — Partially Favorable" explained that if Plaintiff disagreed with the decision he could "file an appeal with the Appeals Council" and it explained how to do so, suggesting use of the agency's Request for Review form.  Civ. A No. 20-2043-SAC, Doc. 19, Attach. 1, p.164.  The notice explained, "If you do not appeal … [y]ou will not have the right to Federal court review."  Civ. A No. 20-2043-SAC, Doc. 19, Attach. 1, p.165.  In his decision, the ALJ found Plaintiff "was not disabled prior to January 10, 2020, but became disabled on that date."  Id., at 176.

Plaintiff disagreed with the onset date of disability, but instead of appealing to the Appeals Council, he filed a Complaint in this court on January 29, 2020.  Civ. A No. 20-2043-SAC, Doc. 1.  That case was dismissed because the court was without jurisdiction to review a decision of the Commissioner for which the claimant had not sought review

by the Appeals Council.  Civ. A No. 20-2043-SAC, Docs. 21, 22.  Thereafter, Plaintiff filed another Complaint with the court seeking to change the onset date found in the partially favorable decision.  Civ. A. No. 22-2133-HLT, Doc. 1.   That case was also dismissed for lack of jurisdiction.  Id., Docs. 15-16.  As noted at the beginning of this Memorandum and Order, both cases were appealed to the Tenth Circuit Court of Appeals and the dismissal was affirmed.  Moreover, Plaintiff requested and was denied certiorari in both cases.  It is clear beyond question all Federal courts are without jurisdiction to review the onset date of disability found in the partially favorable decision dated January 23, 2020.  The relief sought by Plaintiff, if any is available, lies with the Commissioner of Social Security and it is likely Plaintiff has waited too long to seek such relief.

The court finds it is without subject matter jurisdiction to review the partially favorable decision with regard to Plaintiff issued by the Commissioner of Social Security on January 23, 2020.  This case is, therefore DISMISSED.  Plaintiff may appeal this decision to the Tenth Circuit Court of Appeals if he feels this court has erred, but he is cautioned that if he does not appeal or does not succeed on appeal, any further attempts to file a case in this court seeking review of the onset date established in the partially favorable decision of the ALJ dated January 23, 2020 will be considered a frivolous matter and any in forma pauperis motion will be denied.

**IT IS THEREFORE ORDERED** that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

Copies of this order shall be provided to counsel of record for the parties.

Dated November 2, 2023, at Kansas City, Kansas.


                                 s/ John W. Lungstrum
                                 **John W. Lungstrum**
                                 **United States District Judge**